Brenda Kay MONROE et al.,
Plaintiffs-Appellants,

v.

BOARD OF COMMISSIONERS OF the CITY OF JACKSON, TENNESSEE, et al., Defendants-Appellees.

No. 77–1123.

United States Court of Appeals,
Sixth Circuit.

Aug. 9, 1978.

Avon N. Williams, Jr., Nashville, Tenn., J. Emmett Ballard, Jackson, Tenn., Jack Greenberg, James M. Nabrit III, Drew Days III, NAACP Legal Defense & Educ. Fund, Inc., Kellis E. Parker, Bill Lann Lee, Melvyn R. Leventhal, New York City, for plaintiffs-appellants.

Sidney W. Spragins, Jackson, Tenn., Nat Douglas, Kaydell Wright, U. S. Dept. of Justice, Civil Rights Div., Washington, D. C., for defendants-appellees.

ORDER

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and PECK, Senior Circuit Judge.

We have this date filed a per curiam opinion in case No. 76–2389, styled *Monroe v. County Board of Education of Madison County, Tennessee,* 583 F.2d 263. That appeal and the present appeal were heard by this Court on the same day, and both were perfected by plaintiffs to test the adequacy of the compensation allowed their attorneys by the district court in these long-drawn-out school desegregation cases.

In that per curiam opinion citations are made to an opinion of the Supreme Court and to numerous opinions of this court and of the district court. We therein reach the conclusion that the Emergency School Aid Act, 20 U.S.C. § 1617 and the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988 were applicable, and for the reasons and upon the authorities stated and relied on in that opinion we here similarly conclude the Acts' application in this case. Appellees' contention that appellants were not the "prevailing party" within the meaning of the Acts is rejected out of hand.

This appeal was perfected from an order entered November 29, 1976, awarding compensation to plaintiffs-appellants' attorneys for services through 1973 in the amount of $2500, and for services rendered since that time for $2500, and assessing the total of $5000 to be paid by defendants as a part of the costs. An earlier award of $5000 was approved by this Court in *Monroe v. Board*

*of Commissioners of City of Jackson, Tennessee,* 453 F.2d 259 (6th Cir. 1972), which presumably has been paid. For the reasons set forth in the aforementioned per curiam opinion, we here also conclude in this case with which we have had long and detailed familiarity, and in which the additional delay of another remand would only further unduly postpone the award of compensation, that such a remand is to be avoided. Based upon all of the factors and circumstances which we deem to be relevant, we conclude that $47,833.73 would be a reasonable fee for services performed by plaintiffs-appellants' attorneys during the entire course of this litigation to date.

Against that sum should be credited the $5000 previously paid pursuant to our decision reported in 453 F.2d 259, leaving a balance now due of $42,833.73. The cause is remanded for the entry of judgment in that amount, to be paid by the defendants-appellees in their official capacities as a part of the costs.

SO ORDERED.